*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 11, 2024

Plaintiff-Appellee,

v

No. 365862
Kent Circuit Court

JOSEPH ALLEN KILCHERMANN,

LC No. 22-000631-FH

Defendant-Appellant.

Before: REDFORD, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

Defendant, Joseph Allan Kilchermann, pleaded guilty to operating while intoxicated, third or subsequent offense (OWI 3rd), MCL 257.625(9)(c).[1] The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to serve 8 to 60 years' imprisonment. Defendant now appeals by leave granted,[2] arguing that the trial court's sentence was disproportionate and based on inaccurate information. For the reasons set forth in this opinion, we affirm defendant's conviction and sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an incident in which defendant crashed into another vehicle while intoxicated and then left the scene of the crime. On January 2, 2022, defendant was driving while intoxicated, on his way to get more alcohol, when he crashed into the back of the victim's truck. Defendant fled the crime scene on foot but returned shortly after. According to officers dispatched to the crash, defendant "smelled of intoxicants, was unsteady on his feet, and had slurred speech."

---

[1] Defendant was also initially charged with failure to report an accident, MCL 257.622, and driving while his license was suspended, revoked, or denied, MCL 257.904(1), but these charges were dismissed by the prosecution.

[2] *People v Kilchermann*, unpublished order of the Court of Appeals, entered June 15, 2023 (Docket No. 365862).

Defendant was arrested on the same night as the accident, and his blood-alcohol content was measured at 0.17%.

At the time of his arrest, defendant had an extensive criminal history. He had been sentenced to prison seven times and returned twice while on parole because of new felony charges. Additionally, defendant had been convicted of OWI 12 separate times.[3] During preliminary hearings, the trial court was "very concerned that this gentleman is going to kill somebody," and it denied defendant's motion to reduce bond, stating that, "[q]uite frankly, I am very concerned about the safety of the community" and that defendant "obviously has an alcohol problem" that is a danger to society.

Defendant pleaded guilty to OWI 3rd as a fourth-offense habitual offender. During sentencing, defense counsel asked the trial court to stay within the sentencing guidelines because defendant was "serious" this time about changing his behavior. Additionally, defendant stated: "I know the—the risk it puts on society if I get behind the wheel drinking, and I'm sorry. . . . I don't want to give you an excuse. I want to tell you, I can beat this, and I will beat it, your Honor." Defendant's minimum sentencing guidelines range was 14 to 58 months' imprisonment. However, the trial court sentenced defendant to serve 96 months to 60 years' imprisonment, stating that defendant's "12 separate drinking and driving convictions" justified an upward-departure sentence, considering the seriousness of the crime. The trial court told defendant: "[W]hen you drink and drive, you put everyone at risk, and you cannot control yourself. You, sir, are going to kill either yourself or someone else. It's just a matter of time. You cannot control yourself."

Defendant now appeals.

## II. ANALYSIS

Defendant argues on appeal that the trial court erred by imposing an upward-departure sentence outside the advisory sentencing guidelines for defendant's OWI 3rd conviction. We disagree.

Sentences that depart from the guidelines are reviewed for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). "[A]ppellate review of departure sentences for reasonableness requires review of whether the trial court abused its discretion by violating the principle of proportionality set forth in our decision in *Milbourn*."[4] *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017).

We review departure sentences for reasonableness by determining "whether the trial court abused its discretion by violating the 'principle of proportionality,' . . . 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Id*. at 459-460, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). The court should ensure that the "sentences imposed across the discretionary

---

[3] We also note that defendant also has at least nine driving with license suspended offenses in addition to driving without a valid license or violating his restricted license.

[4] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

range are proportionate to the seriousness of the matters that come before the court for sentencing." *Milbourn*, 435 Mich at 651. To determine whether a sentence is "proportional," the court "must take into account the nature of the offense and the background of the offender." *Id.* The *Milbourn* Court emphasized that trial courts should not apply their "own philosophy of sentencing," but rather determine where the defendant's case falls on a scale of the "least to the most serious situations" and impose a sentence based on that determination. *Id*. at 654.

Although the sentencing guidelines are advisory, trial courts must still consider the guidelines when imposing a sentence. *Lockridge*, 498 Mich at 365, 391-392. When a trial court departs from the sentencing guidelines, its reasons for departing must be supported by the "guidelines variables." *Milbourn*, 435 Mich at 656. Trial courts "may continue to depart from the guidelines when . . . the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Id*. at 657. If the trial court imposes a departure sentence that is "unsupported by reasons not adequately reflected in the guidelines variables," it may be possible that the trial court "abused its discretion" in sentencing the defendant. *Id*. at 658, 659-660. To determine whether a sentence outside the guidelines range is more proportionate than a sentence within the guidelines, the court may consider "(1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight." *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017) (citations omitted).

In the present case, the trial court offered multiple reasons for the extent of the departure sentence. These reasons included: defendant's prior criminal history, which includes numerous drinking-and-driving convictions; defendant's failure to stay sober throughout his life; the risk of defendant repeating the offense; and the trial court's responsibility to protect society from drunk drivers. Defendant argues that his sentence is disproportionate and that he is entitled to resentencing because the trial court's reasons were already considered by the guidelines variables and the sentence was based on inaccurate information. We disagree.

Defendant argues that all the trial court's reasons for imposing an upward-departure sentence were already considered by the minimum sentencing guidelines variables: the fact that the incident was a "hit and run" was considered by Offense Variable (OV) 19, MCL 777.49 (interference with the administration of justice); defendant's 0.17% blood alcohol content was considered by OV 18, MCL 777.48 (operator ability affected by alcohol or drugs); and defendant's prior criminal history was considered by defendant's prior record variable (PRV) scores. This argument fails because: (1) defendant's PRV score does not take into account that drinking-and-driving offenses make up a significant amount of defendant's prior criminal history, and (2) the trial court considered the protection of society during sentencing, a factor that is not considered by the guidelines variables. The court may consider both "factors not considered by the guidelines" and "factors *considered* by the guidelines but *given inadequate weight*" when determining the proportionality of a sentence. *Id*. (emphasis added).

Out of the 29 cases of adult criminal history listed in defendant's Presentence Investigation Report (PSIR), over 25% contain drinking-and-driving offenses. Defendant's PRV score considered the number of felony and misdemeanor convictions in defendant's criminal history, but it did not consider the fact that defendant has committed 12 drinking-and-driving offenses within the past 30 years. When justifying an upward departure from the sentencing guidelines, trial courts

-3-

may consider a defendant's "repeated offenses and [past] failures at rehabilitation." *People v Horn*, 279 Mich App 31, 44; 755 NW2d 212 (2008). The trial court's departure sentence was reasonable and proportionate because the court gave adequate weight to defendant's criminal history considering the seriousness of the crime. See *Milbourn*, 435 Mich at 657.

The trial court also considered factors not considered by the guidelines: the court's responsibility to protect society from drunk drivers and the risk that defendant poses to society as a repeat-offense drunk driver. See *Dixon-Bey*, 321 Mich App at 524. When considering the proportionality of a sentence, the "protection of society" is a factor that should be considered by the trial court. *People v Bennett*, 335 Mich App 409, 418; 966 NW2d 768 (2021) (quotation marks and citation omitted). During sentencing, the trial court discussed several prior cases in which individuals were injured or killed because of drinking and driving to demonstrate the risk that defendant poses to society and further justify defendant's departure sentence.

Defendant argues that the trial court's recollection of those prior cases was irrelevant and that the trial court only "subjectively believed" that defendant would harm someone while drinking and driving. This argument is unavailing. The trial court's recollection of the prior drinking-and-driving cases was relevant because it strengthened the court's decision to impose a departure sentence in part for the protection of society. See *id*. Furthermore, the trial court's statement that defendant would harm someone while drinking and driving was based upon its experiences over 16 years on the bench. The court considered defendant's past criminal history, which, according to the trial court's experience with drinking-and-driving cases, demonstrated a strong likelihood that defendant would end up harming himself or others. The trial court was reasonable in making this prediction and properly considered the risk that defendant created by repeatedly drinking and driving. The trial court demonstrated that a sentence outside the guidelines was more proportionate, considering the facts of the case, than a sentence within the guidelines. See *Milbourn*, 435 Mich at 657.

The trial court's departure sentence was based on both factors that were not given adequate weight by the guidelines and factors not considered by the guidelines; it was also imposed with concern for the protection of society. See *Bennett*, 335 Mich App at 418; *Dixon-Bey*, 321 Mich App at 525. Therefore, the trial court's upward-departure sentence did not violate the principle of proportionality. Accordingly, defendant is not entitled to resentencing.

Affirmed.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Kathleen A. Feeney

-4-